FRANK R. DEARING, Respondent, v. JOHN W. FLETCHER, Appellant.

St. Louis Court of Appeals, May 21, 1889.

Practice, Trial: INSTRUCTIONS. An instruction given to the jury by the trial court which was not warranted by the evidence is ground for reversal of the judgment.

*Appeal from the Jefferson County Circuit Court.*
HON. JOHN L. THOMAS, Judge.

REVERSED AND REMANDED.

*Thos. C. Fletcher*, for the appellant.

The instruction was erroneous in assuming that respondent had a right to retain sixty-five dollars for his fees, in the entire absence of any proof that he had at any time informed respondent that he claimed that amount or that the services were worth that amount, or any amount whatever. The only evidence on the point at all is the appellant's testimony that the services were

not worth what respondent charged. *Shirgess v. Crum*, 29 Mo. App. 644; *Brownfield v. Phœnix Ins. Co.*, 26 Mo. App. 390; *Doty v. Steinberg*, 25 Mo. App. 328.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, who is an attorney at law, sued the defendant upon an account for professional services, alleged to be of the reasonable value of one hundred and fifty dollars. The defendant set up for a counter-claim that the plaintiff had collected for him eighty-five dollars, which he had failed to pay over, and which, with interest, was still due.

Upon the trial, the plaintiff gave substantial evidence supporting his claim. In regard to the counter-claim he gave evidence that he had collected one hundred and twenty-five dollars for the defendant, out of which amount, he paid to attorney Tatum, by the defendant's direction, twenty dollars and retained for himself sixty-five dollars for legal services rendered to the defendant, other than those sued for herein; and deposited the residue, to-wit, forty dollars, to the plaintiff's credit in bank. The defendant admitted that the twenty dollars were thus paid Tatum by his authority, but neither admitted nor denied that he authorized the plaintiff to retain anything for himself.

The substantial controversy between the parties is touching the sixty-five dollars, as the jury, under the instructions of the court, found for the plaintiff both on the account sued for and on the counter-claim. The error complained of by the defendant is that the court under the evidence misdirected the jury as to the counter-claim.

The plaintiff gave evidence tending to show that the defendant had authorized him to retain of the one hundred and twenty-five dollars collected, not only the twenty dollars paid to attorney Tatum, but also enough

to pay him, plaintiff, for services rendered prior to said time; but the plaintiff gave no evidence that he was authorized to retain for such services any *specified amount*, nor did he give any evidence tending to show *what such services were reasonably worth*, nor that the defendant ever accepted the forty dollars in settlement of the account.    Upon this evidence, the court instructed the jury as follows :

"If you find from the evidence that after plaintiff collected said sum of one hundred and twenty-five dollars, he told defendant he would keep out enough of this sum to pay plaintiff for the fees defendant then owed him, as well as a fee defendant owed J. T. Tatum, and that defendant thereupon replied that it was all right, and in pursuance of this agreement plaintiff paid said Tatum twenty dollars and kept sixty-five dollars for his own fees against defendant in various cases, other than those mentioned in plaintiff's account, and deposited forty dollars in the bank to the credit of defendant, and that defendant accepted this forty dollars, and knew what plaintiff had done in paying said Tatum and keeping money for himself out of this sum collected, and made no objections to it, then defendant cannot recover any sum on account of that transaction."

The difficulty with this instruction is, that there is no evidence whatever in this case that the sixty-five dollars thus retained by plaintiff was a reasonable compensation for the services performed by him, or that the plaintiff was authorized to retain any specified amount, or even that the defendant was informed by the plaintiff, at any time prior to the institution of this suit, that he claimed sixty-five dollars for such services, and that the defendant assented thereto. The instruction was therefore unwarranted by the evidence, and should not have been given.    For this error, the judgment must be reversed.

Reversed and remanded.    All the judges concur